## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 25-3475 PA (SCCx) | Date | December 22, 2025 |
|---|---|---|---|
| Title | Ashraf Farhan Husny Sulaiman v. Kristi Noem, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS — ORDER TO SHOW CAUSE

     The Petition for Writ of Habeas Corpus (Docket No. 1 ("Petition")) and Ex Parte Application for Temporary Restraining Order and Order to Show Cause (Docket No.4 ("TRO Application")) were filed by petitioner Ashraf Farhan Husny Sulaiman ("Petitioner") after business hours, on Friday, December 19, 2025. The TRO Application states that Petitioner's counsel, Keli Reynolds, notified counsel for respondents, the United States Attorney's Office, by emailing "a summary of Petitioner's claims" to the Chief of the Complex and Defensive Litigation Section, Daniel Beck, at approximately 6 p.m. on December 19, 2025. (Docket No. 4 at p. 4.)[1/] The CM/ECF system reflects that the Petition was filed at 8:09 p.m. and that the TRO Application was filed at 8:23 p.m. The Court was notified that counsel for Petitioner contacted the Clerk's Office emergency line regarding the TRO Application at 8:27 p.m., and that the Petition and TRO Application, seeking emergency, ex parte relief to prevent Petitioner from being removed to a third country or removed from this district, was assigned to this Court, at approximately 8:30 p.m.

     However, the Petition alleges that Petitioner was detained by Immigration and Customs Enforcement ("ICE") on December 8, 2025, and was presented with travel documents allegedly indicating the potential for imminent removal on December 17, 2025. Moreover, the TRO Application includes an email from Petitioner's immigration counsel, Patricia Corrales to Ms. Reynolds on Thursday, December 18, 2025 at 3:25 p.m., indicating that Ms. Reynolds was intending to file, and had begun preparations to file, the Petition and TRO Application at that time. (Docket No. 4-5.)

     In order to seek emergency relief on an ex parte basis, the moving party is required "(a) to make reasonable, good faith efforts orally to advise counsel of all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing

---

[1/]      Ms. Reynolds also states that she would email a copy of the Petition and TRO Application to Mr. Beck after they were filed, which would not have occurred until after 8:23 p.m.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-3475 PA (SCCx) | Date | December 22, 2025 |
|---|---|---|---|
| Title | Ashraf Farhan Husny Sulaiman v. Kristi Noem, et al. | | |

and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." L.R. 7-19.1. Local Rule 77-1 requires a party filing a TRO Application outside of normal business hours in an unassigned matter to notify civil intake during normal business hours. L.R. 77-1 ("If it is anticipated that an application for a TRO will be filed outside normal business hours, the filer must notify the courtroom deputy for the assigned judge in advance, during normal business hours. If an application for a TRO is or will be filed before a judge is assigned to the case, the filer should contact the Civil Intake Department in the Clerk's Office for the division in which the case is pending: Western Division (213) 894-3535, Eastern Division (951) 328-4470, or Southern Division (714) 338-4786.")

Accordingly, the Court orders Petitioner's counsel to show cause why she should not be sanctioned in an amount up to $1,000 for violating the Local Rules as a result of the delayed notice of the filing of Petitioner's TRO Application. Petitioner's response to this Order shall include a declaration signed under penalty of perjury identifying when counsel for Petitioner first anticipated filing the TRO Application, when counsel first began drafting the TRO Application, when counsel first notified counsel for respondents, and any facts explaining why counsel did not provide notice to counsel for respondents earlier. The declaration should also identify the contacts that counsel had with the civil intake or the Clerk's Office prior to filing the TRO Application, and any facts to explain why counsel did not contact the court earlier. Petitioner's response shall be filed no later than December 29, 2025. Failure to respond to this order will result in the issuance of sanctions.

IT IS SO ORDERED.