UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHRAF FARHAN HUSNY SULAIMAN,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.<br><br>Respondents. | ED CV 25-3475 PA (SSCx)<br><br>PRELIMINARY INJUNCTION |

On December 20, 2025 the Court issued a Temporary Restraining Order ("TRO") and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue. (Docket No. 8.) Respondents Kristi Noem, Secretary, U.S. Department of Homeland Security ("DHS"); Pamela Bondi, U.S. Attorney General; Todd Lyons, Acting Director, Immigration and Customs Enforcement ("ICE"), Jaime Rios, Acting Director, Los Angeles Field Office, ICE Enforcement Removal Operations; Fereti Semaia, Warden, Adelanto ICE Processing Center; Executive Office for Immigration Review; ICE; and DHS (collectively "Respondents") filed an Opposition. (Docket No. 15.) Petitioner Ashraf Farhan Husny Sulaiman ("Petitioner") filed a Reply. (Docket No. 17.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing set for January 14, 2026 is vacated and the matter taken off calendar.

Petitioner seeks to enjoin Respondents from removing Petitioner (1) from this Judicial District during the pendency of his Petition for Writ of Habeas Corpus, (2) to the Palestinian Occupied Territories ("Palestine"), or (3) to a third country without notice and an opportunity to raise a fear-based claim for withholding of removal. The TRO issued by the Court enjoined Respondents from removing Petitioner to Palestine and from removing Petitioner from the Central District of California unless Petitioner, after receiving proper notice and an opportunity to be heard, was ordered removed to a third country. (Docket No. 8.)

The Court has reviewed Respondents' Opposition, which does not raise any meritorious arguments against granting the relief sought by Petitioner. Moreover, the parties are in agreement as to the appropriate language the Court should use regarding process for removal to a third country. The Court sees no reason to depart from its previous analysis of the factors for issuing injunctive relief. See Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). The Court thus concludes that the factors support granting the Preliminary Injunction requested by Petitioner.

The Court therefore ORDERS that Respondents, along with their agents, servants, employees, attorneys, and all other persons acting in concert or participation with them, be and hereby are ENJOINED and restrained from:

1. removing Petitioner to Palestine;

2. removing Petitioner out of the Central District of California during the pendency of these habeas proceedings; and

3. removing Petitioner to a third country, i.e., a country other than the country designated as the country of removal in Petitioner's final order of removal (Palestine), without written notice of the third country to which Petitioner may be removed provided to Petitioner and his counsel in a language the Petitioner can understand. Following notice, Petitioner must be given a meaningful opportunity to raise a fear-based claim for withholding of removal or

protection under the Convention Against Torture prior to removal. If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings.

4. The Preliminary Injunction shall take effect immediately and shall remain in effect pending resolution of the merits of this case or further order of this Court.

DATED: January 9, 2026

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE