UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHRAF FARHAN HUSNY SULAIMAN,<br><br>                          Petitioner,<br><br>          v.<br><br>KRISTI NOEM, et al.,<br><br>                          Respondents. | Case No. 5:25-cv-03475-PA-SSC<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636 the Court has reviewed all of the records herein, the Report and Recommendation of United States Magistrate Judge, and Petitioner's objections to the Report and Recommendation.  The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which Petitioner has objected.  The Court accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

IT IS ORDERED that:

(1)     Petitioner's motion for leave to amend (ECF 27) is denied;

(2)     Petitioner's first amended petition (ECF 19) is granted in part and denied in part; and

(3)     Respondents are enjoined from removing Petitioner to a third country, *i.e.*, a country other than the country designated as the country of removal in Petitioner's final order of removal (Palestine), without written notice provided to Petitioner and his counsel in a language the Petitioner can understand, of the third country to which Petitioner may be removed.  Following notice, Petitioner must be given a meaningful opportunity to raise a fear-based claim for withholding of removal or protection under the Convention Against Torture prior to removal.  If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings.  If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings.  *See Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022) ("Declaratory and injunctive relief are proper habeas remedies."); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (permanently enjoining ICE from re-arresting petitioner without a bond hearing); *cf. Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013) ("In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief.").

DATED:  May 15, 2026

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE